UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RODNEY DERWIN SHAVER, 11-B-0390,

Plaintiff,

-v-

ONTARIO COUNTY DEP. ALVEREZ,
ONTARIO COUNTY SHERIFF'S SUPV.
and JOHN DOE,

Defendants.

_____

**DECISION AND ORDER**
10-CV-691A



## INTRODUCTION

By Order dated February 15, 2011 ("February 15 Order"), familiarity with

which is assumed, the Court (Hon. Michael A. Telesca), *inter alia*, dismissed

plaintiff's claims against several of the defendants named in his original complaint

and granted him leave to file an amended complaint solely regarding his claim of

denial of medical care by defendant Ontario County Deputy Sheriff Alverez.

(Docket No. 9). Plaintiff thereafter timely filed an amended complaint which, in

addition to restating his claim against defendant Alverez, sets forth a denial of

medical care claim against an additional defendant identified as Ontario County

Sheriff's Supervisor John Doe. (Docket No. 10). The Court has reviewed the

amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and,

for the reasons set forth below, has determined that the claims asserted therein must be dismissed.

## DISCUSSION

The claim as to which plaintiff was given leave to amend alleged that defendant Alverez failed to provide him with appropriate medical treatment for injuries that he suffered when he slipped on water in his jail cell and hit his lower back on a steel beam of the bed located in the cell. Plaintiff alleged, in his original complaint, that he requested medical attention from defendant Alverez, who responded that he would alert the lieutenant and summon a nurse. Plaintiff further alleged that Alverez did not promptly notify a nurse until several hours later, when Alverez again came by on his rounds, and plaintiff repeated his request. Plaintiff alleged that Alverez apologized to him, telling him that he had forgotten to report the incident as he had promised he would due to the confusion occasioned by a facility lockdown which had taken place shortly after plaintiff's fall. Alverez then called a medical unit, and plaintiff was examined by a nurse and given Tylenol. *See* Docket No. 9, at 5-6.

In the February 15 Order, the Court explained that a claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs, and that this standard has both an objective and subjective component, *i.e.*, a plaintiff's medical needs must be objectively serious such that

2

the failure to treat his condition could result in significant injury or the unnecessary infliction of pain, and that the prison or other governmental official had actual knowledge of plaintiff's serious medical needs, but was deliberately indifferent to those needs. *See* February 15 Order at 9-10 (and cases cited therein). The Court determined, in its February 15 Order, that plaintiff's allegations were not sufficient to state a denial of medical care claim rising to the level of a constitutional violation, and directed him to file an amended complaint with respect to his claim against defendant Alverez.

Plaintiff's amended complaint sets forth the same basic allegations and sequence of events as those contained in his original complaint, as summarized above, *i.e.*, plaintiff's slip and fall in his cell, and the delay in providing him with medical attention for the resulting injury and intense pain. The First Claim of the amended complaint reasserts his denial of medical care claim against defendant Alverez and the Second Claim seeks to add a similar claim against a new defendant, Ontario County Sheriff's Supervisor John Doe. Both claims reference what plaintiff captions as "Amended Complaint Statement (Supplement to the Complaint)" which recites, in 58 numbered paragraphs, factual allegations supporting the claims. (Docket No. 10 at 5-14).[1]

---

[1]Citations in this Decision and Order to paragraphs of the amended complaint, indicated by the paragraph symbol (¶) are to the numbered paragraphs set forth in plaintiff's "Amended Complaint Statement."

As previously noted, a claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976). In making such a claim, a plaintiff must satisfy both an objective and a subjective component. The objective component requires plaintiff to show that he suffered from a "sufficiently serious" medical condition. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). The subjective component "requires a showing that the defendant 'had the necessary level of culpability, shown by actions characterized by 'wantonness" in light of the particular circumstances surrounding the challenged conduct." *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999)).

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord, Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), cert. denied, 513 U.S. 1154, 115 S. Ct. 1108, 130 L. Ed. 2d 1074 (1995). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical

condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702-03.

Here, construed liberally, the complaint alleges facts plausibly suggesting that plaintiff sustained a serious medical condition when he slipped on water and hit his back against the steel beam on the frame of the bed in his cell, and the Court thus determines that his allegations are sufficient, for purposes of this initial review, to satisfy the objective component of the deliberate indifference standard.

Plaintiff's allegations do not, however, show that defendant Alverez had the level of cuplability, akin to wantonness, necessary to satisfy the subjective component of the deliberate indifference standard. In this regard, the Court notes defendant Alverez was not a physician or nurse, or other medical official at the County Jail, but was instead a Sheriff's deputy assigned to guard duty at the facility. It is well-established that "[n]on-medical prison personnel engage in deliberate indifference where they *intentionally* delay[] access to medical care when the inmate [is] in extreme pain and has made his medical problem known to the attendant prison personnel." *Baumann v. Walsh*, 36 F. Supp. 2d 508, 512 (N.D.N.Y. 1999) (citation and internal quotation marks omitted) (emphasis added). *see also Estelle*, 429 U.S. at 104-05 (noting that deliberate indifference can be manifested "by prison guards in intentionally denying or delaying access to medical care.").

Accepting at face value the allegations in the amended complaint, they do not show that defendant Alverez *intentionally* delayed plaintiff's receipt of medical care for his back injury. By plaintiff's own account, upon learning of his fall and the resulting pain, defendant Alverez assured him that he would contact the medical unit. While Alverez did not immediately obtain medical assistance, when plaintiff again brought his request to defendant's attention, approximately two hours later, Alverez apologized to plaintiff, explaining that he had forgotten about his request, given the distraction of a sprinkler incident and the confusion attending a mandatory lockdown, which, according to plaintiff's account, occuured "shortly after" Alverez left his cell. (Amended Complaint, ¶ 20). Upon being reminded of plaintiff's request for medical attention, Alverez then immediately summoned medical assistance and "five minutes later " a nurse reported to the unit, examined and questioned plaintiff, and told him she would order him Tylenol.[2] (Amended Complaint, ¶ 37).

Plaintiff's own account of the incident, as summarized above, does not indicate that defendant intentionally delayed plaintiff's access to medical care. Plaintiff does not suggest that the delay in reporting plaintiff's situation to medical personnel was attributable to anything other than events at the facility which

_____

[2]Plaintiff states that he was surprised that the nurse who examined him did not take him directly to the medication unit, given the level of his pain. Complaint, ¶ 45. This allegation is not relevant to the question of whether defendant Alverez was deliberately indifferent to plaintiff's medical needs; as a non-medical official, Alverez's duty to plaintiff would not have encompassed determining what medications or treatments were appropriate for his condition.

distracted defendant and caused him to forget about plaintiff, an oversight for which he apologized to plaintiff. Moreover, the roughly two-hour delay in obtaining medical assistance that plaintiff experienced is not, in and of itself, suggestive of indifference to his medical needs. *See Deblasio v. Rock*, 2010 U.S. Dist. LEXIS 143794, at *32 (N.D.N.Y. Sept. 26, 2010) (defendant corrections officer's two hour delay in reporting to inmate's cell after he received report of his pain did not constitute deliberate indifference: "A two-hour wait for medical care is not the type of delay that indicates deliberate indifference."). At most, plaintiff's allegations against Alverez would suffice to establish that the defendant had been negligent in initially forgetting to summon medical help for plaintiff, and negligence does not constitute deliberate indifference.[3] *See Chance*, 143 F.3d at 703 (noting that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim").

Plaintiff's allegations, even liberally construed, simply do not amount to a claim for deliberate indifference against defendant Alverez and accordingly pllaintiff's claim against defendant Alverez must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The second claim of plaintiff's amended complaint adds a denial of medical care/deliberate indifference claim against a new defendant, Ontario County

---

[3]The Court notes that, while not dispositive on the issue, plaintiff himself characterize's defendant Alverez's failure to immediately summon medical assistance as "negligence." Amended Complaint, ¶ 48.

Sheriff's Supervisor John Doe. Plaintiff alleges that Supervisor Doe was advised of what plaintiff characterizes as defendant Alverez's "negligence" and then ordered that plaintiff be transported back to the Batavia Federal Detention Facility (BFDF), to which he had previously been scheduled to be transferred to.[4] Plaintiff asserts that Supervisor Doe should have had him further examined by the Ontario Jail's medical staff to be medically cleared to leave the facility. Amended Complaint, ¶¶ 49, 50. Plaintiff's allegations with respect to defendant Supervisor Doe fail to state a deliberate indifference claim. According to plaintiff's account, he had been examined, albeit belatedly, by a nurse prior to the issuance of the order transporting him back to the B.F.D.F., who, after questioning him, ordered Tylenol, which was given to him prior to the transfer back to B.F.D.F. Amended Complaint, ¶ 54. Assuming that plaintiff is correct in maintaining that Supervisor Doe should have had him further examined by the jail's medical personnel before being cleared for transfer, nothing in plaintiff's allegations would show that defendant Doe's failure to do so rose to the level of deliberate indifference or culpable recklessness, "*i.e.*, an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d, 698, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d

---

[4]Plaintiff alleges that Supervisor Doe should not have transferred him from the Ontario County Jail to the BF.D.F. on the day in question since an order by the Ontario County Court had been issued earlier that day remanding him to the County Jail. Plaintiff alleges that if Supervisor Doe had checked his paperwork properly, he would have learned of the County Court's order. Amended Complaint, ¶¶ 56, 57. Assuming that Supervisor Doe erred in directing the transfer, that error is not relevant to plaintiff's claim against Doe, which alleges that the defendant denied him appropriate medical care.

811 (1994)). Nor does plaintiff allege that defendant Doe, a non-medical official, *see Baumann, supra,* intentionally delayed plaintiff's access to medical care by directing his transfer to B.F.D.F. At most, in light of plaintiff's allegations, defendant Doe's failure to direct additional medical attention or formal medical clearance before his transfer would constitute an "inadvertent failure to provide adequate medical care" which does not constitute "deliberate indifference." *Estelle v. Gamble,* 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

Plaintiff's allegations against defendant Supervisor Doe thus fail to satisfy, even minimally, the subjective component of the deliberate indifference standard as delineated above, and his claim against Doe must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States,*

369 U.S. 438, 82 S.Ct. 917, 8 Led.2d 21 (1962). Further requests to proceed

on appeal as a poor person should be directed, on motion, to the United States

Court of Appeals for the Second Circuit, in accordance with Rule 24 of the

Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, the amended complaint is dismissed with

prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor

person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT JUDGE


Dated:        June 13    , 2013